By the Court.—Sedgwick, J.
The defendants’ own evidence affirmatively proved that, so far as the working of the elevator went, the defendants were to control it. They told their contractor that they would give the engineer or foreman to run the elevator. This engineer or foreman was to be, as the whole case showed, under the command or at the bidding of the defendants. There was no agreement or understanding that the contractor should see to the proper running of the machine. The fact was, that while the ele *348 vator was in use, the engine attached to it was not in charge of the engineer or foreman, or, so far as the testimony directly showed, of any person. If these things were not incontrovertibly proved by the testimony, the plaintiff was entitled to have the verdict of the jury as to their existence. If they did exist, there was a duty on the defendants to the plaintiff, to use diligence in setting the engine in work properly, and in seeing that it should not be set in motion improperly.
Coughtry v. The Globe Woolen Company, 56 N. Y. 124, is in point. Accordingly the learned court below was correct in leaving to the jury, as it did, the question of defendants’ negligence.
But I think the defendants had a right to have charged, a request that their counsel made on the subject of the intestate’s contributory neglegence. The case did not explicitly show that the deceased was free from neglegence. Without adverting to whether the evidence admitted of an inference that the intestate himself was the cause of motion being applied to the elevator, there was sufficient to call for the jury’s verdict on the point, w'hether the plaintiff did not negligently remain on the platform after it was cleared of dirt, when ordinary prudent attention to his known duties required him to leave the platform and go to the cellar by the stairs. On the trial it was assumed that there was a question for the jury as to plaintiff’s contributory negligence.
As to this, before, the request referred to was made, the court had said : “ If you find from the testimony that this unfortunate man contributed in any way, by his own act, to the accident which resulted in his death, the plaintiff cannot recover. But of that you must be satisfied. You must set your hand upon something that is sworn to in evidence here.” And again : “If you put yoqr hands upon anything, and satisfy yourselves that he has done something by his own acts, *349 by which he has lost his life, then the plaintiff cannot recover.” The defendants’ counsel excepted to these propositions, and requested the court to charge that “if the jury believe from the evidence that any act of Louis Schappert aided or contributed towards his injuries, then the defendants are not liable. Plaintiff must prove to the satisfaction of the jury, that Schappert was entirely free from fault.” This last sentence no doubt was to be understood as referring to any fault that contributed to the cause of the injury. The request was denied, and exception was taken. It seems to me that, inadvertently, the jury received the impression that on this point they should find for plaintiff, unless there was some proof that the intestate contributed by his own negligence to the result. But, in such cases, the plaintiff is bound to show that the intestate did not contribute to the result. In substance, he is held to show affirmatively that the defendant’s negligence was the sole cause. If there were no proof of any act of contributory negligence, and yet the whole case did not show that there was no contributory negligence, the plaintiff cannot recover.
For this reason, I think there should be a new trial.
Judgment reversed, verdict set aside, and a new trial ordered, with costs of this appeal to appellant to abide event.
Freedman, J., concurred.